IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN ILEEN BLUE,<br><br>    Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES LLC, a Georgia Limited Liability Company; NATIONAL DATA RETRIEVAL, LLC, a Georgia Limited Liability Company; RICHARD W. ANDERSON, JR., an individual; RICHARD W. ANDERSON, III, an individual; ERIK ANDERSON, an individual; and DOES 5-10, inclusive,<br><br>    Defendants.<br>_____/ | No. C 06-06349 JSW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

Now before the Court is Plaintiff's motion to remand this action to state court. Having carefully reviewed the parties' papers and the relevant legal authority, the Court hereby GRANTS the motion to remand.

**BACKGROUND**

Plaintiff Susan Ileen Blue originally filed this action in Sonoma County Superior Court on June 30, 2005, asserting state law claims against Equifax Information Services ("Equifax"). (Notice of Removal, Ex. A.) Blue served Equifax with the complaint on July 18, 2005 and amended the complaint to add defendants National Data Retrieval, LLC, Richard W. Anderson,

Jr., Richard W. Anderson, III, and Erik Anderson on August 8, 2006 (collectively, "Defendants"). (*Id.* ¶ 1, Ex. E.) On October 11, 2006, more than one year after the original complaint was served, Defendants removed this action to federal court citing diversity jurisdiction as the basis for removal. (*Id.* ¶ 7.) Plaintiff now moves to remand this matter, arguing that removal was untimely under 28 U.S.C. § 1446, there is no equitable exception, and further that even if removal were timely, removal jurisdiction is improper. The Court will address the additional specific facts as required in the analysis.

**ANALYSIS**

**A.   Removal Jurisdiction Legal Standard.**

A defendant may remove a state civil action to federal court if the action originally could have been brought in federal court. 28 U.S.C. § 1441. A defendant who wishes to remove to federal court must file a notice of removal within thirty days after the receipt by the defendant of formal service of process. 28 U.S.C. § 1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354–56 (1999). "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after [defendant receives] an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title [diversity jurisdiction] more than 1 year after commencement of the action*." 28 U.S.C. § 1446(b) (emphasis added).

"[T]he [§ 1446(b)] time limit is mandatory and a timely objection to a late petition will defeat removal." *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980). In addition, the Ninth Circuit "strictly construes the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) (citations omitted); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. Therefore, the defendant bears the burden of establishing that removal is proper given the strong presumption against removal jurisdiction. *Id.*

Blue moves to remand based on Defendants' failure to remove this action within one year after service of process. (Br. at 1.) Defendants filed the notice of removal based on diversity jurisdiction on October 11, 2006, more than one year after service of the initial complaint on July 18, 2005. (Notice of Removal ¶¶ 1, 8, Ex. A.) Therefore, removal was not timely under § 1446(b) and Plaintiff has filed a timely objection.

**B.    There Is Not an Equitable Exception to the One-Year Time Limit.**

Defendants argue that the Court should recognize an equitable exception to the one-year statutory time limit because Blue manipulated the forum and prevented Defendants from exercising their right to remove the case to federal court. However, an equitable exception is not recognized by the Ninth Circuit, and even if it were, it would not apply to Defendants.

**1.    The Ninth Circuit Does Not Recognize an Equitable Exception.**

Although the Fifth Circuit has recognized an equitable exception to the statutory time limit, the Ninth Circuit has not. *See Tedford v. Warner-Lambert*, 327 F.3d 423, 425-26 (5th Cir. 2003) ("No . . . circuit court [other than the Fifth] has published an opinion on this issue, and district courts across the country have come to opposite conclusions."). In addition, the Ninth Circuit strictly construes removal statutes and places a heavy burden on defendants to demonstrate that removal is proper. *Gaus*, 980 F.2d at 566 ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."). The Ninth Circuit has not recognized an exception, the statute does not contain an exception, and the Ninth Circuit narrowly construes removal statutes *against* removal. As such, this Court will not recognize an exception to the clear statutory language of § 1446(b).

**2.    The Equitable Exception in the Fifth Circuit.**

The Fifth Circuit is the only circuit that has clearly recognized an equitable exception to the § 1446 one-year time limit for removal of diversity jurisdiction cases. *Tedford*, 327 F.3d at 428–29; *see also Wilbanks v. N. Am. Coal Corp.*, 334 F. Supp. 2d 921, 926-27 (S.D. Miss. 2004). The Fifth Circuit exception allows courts to toll the time limit where a plaintiff has engaged in inequitable conduct in order to prevent the defendant from exercising its right to

3

remove the case to a federal forum. *Tedford*, 327 F.3d at 428-29. In *Tedford*, the defendants notified the plaintiff of their intention to remove the case to federal court. *Id.* at 425, 428. In response, plaintiff joined a non-diverse defendant hours before the notice of removal was filed and the court remanded the action to state court for lack of diversity jurisdiction. *Id.* Shortly thereafter, the plaintiff signed a notice of nonsuit of the non-diverse defendant. *Id.* However, although the nonsuit was signed *before* the expiration of the one-year statutory time limit, the plaintiff post-dated the notice for *after* the one-year deadline and did not serve the original defendants with the notice until *after* the deadline. *Id.* at 425, 427. In addition, the defendants had "vigilantly sought to try [the] case in federal court" during the entire one-year period. *Id.* at 428. The court held that the plaintiff's actions amounted to bad faith forum manipulation and that equity required the court to toll the statutory time limit. *Id.* at 428-29 ("Where a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in § 1446(b) be extended. The facts of this case present just such a circumstance.").

The equitable exception was later analyzed in a case in which the defendants alleged that the plaintiff had concealed the amount in controversy. *Wilbanks*, 334 F. Supp. 2d at 926-27. In *Wilbanks*, the state court plaintiff pled an amount in controversy less than the amount required for federal diversity jurisdiction. *Id.* at 924. Defendants argued, based on plaintiff's answers to discovery, that the amount in controversy was in fact greater than the requisite jurisdictional amount but that plaintiff was waiting for the § 1446(b) one-year time limit to expire before asserting additional damages. *Id.* at 924-25. The court held that simply pleading decreased damages to avoid removal jurisdiction, without more, was not sufficient to demonstrate bad faith forum manipulation. *Id.* at 927. Further, the court noted that the defendants could use state court discovery procedures to determine if the amount in controversy rendered the case removable. *Id.* at 925 ("Specifically, the defense lawyer can have the plaintiff admit through [discovery] that his damages do not exceed $75,000. If the plaintiff denies this request, the case can be removed . . . . [because the response] affirmatively shows that the jurisdictional amount may be satisfied."). The court held that the equitable exception was not

4

1 applicable where defendants could have used discovery to ascertain the facts that plaintiff was
2 allegedly concealing. *See id.*

3 The present dispute is distinguishable from the exception recognized in *Tedford*. Here,
4 Defendants argue that Blue engaged in bad faith forum manipulation because: (1) the complaint
5 does not specify an actual amount of damages, and (2) Plaintiff's responses to special
6 interrogatories did not include an actual amount of damages.[1] The complaint does not state a
7 specific amount of damages: rather, the complaint only states the injuries that Plaintiff incurred
8 as a result of Defendants' alleged actions. (Notice of Removal, Ex. A.) In addition, Plaintiff's
9 responses to interrogatories again state the nature of the injuries she incurred as a result of
10 Defendants' alleged actions but not a specific amount of damages. (Notice of Removal, Ex. D
11 at 4.) However, offering vague answers to questions does not rise to the level of active forum
12 manipulation similar to that demonstrated by defendants in *Tedford*. Similarly, there is no
13 evidence that the Defendants here "vigilantly" sought to remove this case to federal court as the
14 defendants did in *Tedford*, or that they made any further efforts to compel Plaintiff to disclose
15 the actual amount of damages. In any case, similar to the analysis in *Wilbanks*, facts that *could*
16 indicate forum manipulation are not enough to demonstrate *actual* forum manipulation.

17 In sum, even if the equitable exception from the Fifth Circuit were recognized by this
18 Court, Defendants have not fulfilled their burden to demonstrate that Plaintiff engaged in forum
19 manipulation. Thus, the exception would not apply.

20 Therefore, Plaintiff's motion to remand is GRANTED.[2]

---

[1] Equifax also cites to Plaintiff's answers to requests for admissions and deposition questions. (Opp. Br. at 3.) However, neither of these documents are in the record before the Court and therefore the Court will not consider them.

[2] The Court notes that the parties dispute whether federal jurisdiction is proper in this case. (Br. at 3; Opp. Br. at 4.) In addition, Defendant National Data Retrieval LLC (NDR) has filed a motion to dismiss the complaint as against NDR, or in the alternative for a more definite statement. However, because the Court has ordered that the case be remanded, the issue of subject matter jurisdiction and NDR's motion to dismiss are moot and need not be addressed.

5

**C.      Plaintiff's Request for Attorneys' Fees.**

Pursuant to 28 U.S.C. § 1447(c), Plaintiff requests an award of attorney's fees and costs incurred as a result of Defendants' allegedly improper removal.  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c). To determine whether to award costs and fees under § 1447(c), this Court has a "great deal of discretion."  *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (9th Cir. 1993).  Although it was not ultimately persuaded by Defendants' arguments, the Court does not find that removal was frivolous or motivated by bad faith.  The Court therefore declines to exercise its discretion to award Plaintiff's fees and costs under § 1447(c).

## CONCLUSION

For the foregoing reasons, the case is remanded to the Superior Court of California for the County of Sonoma.  The Clerk shall transfer the file forthwith.

**IT IS SO ORDERED.**

Dated: February 22, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE